(No. 4990-

JOEL RESNICK, A Minor, By SAMUEL RESNICK, His Father and Next Friend, and SAMUEL RESNICK, Individually, DOROTHY RESNICK, LILLIAN ALPERT, and SHIRLEY ALPERT, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

Opinion filed January 29, 1965.

Petition of claimants for rehearing denied June 25, 1965.

ANGELOS AND ANGELOS, Attorneys for Claimants.

WILLIAM G. CLARK, Attorney General; SAMUEL I. NEIBERG and GERALD S. GROBMAN, Assistant Attorneys General, for Respondent.

DOVE, J.

Claimants bring this action to recover damages for injuries to their persons and property, which were sustained on December 3, 1960 at the intersection of Mannheim Road and Washington Boulevard, near the Village of Bellwood in Cook County, Illinois.

From the transcript of the evidence, it appears that on

said date, at about 7:45 P.M., Joel Resnick, a minor, age 18, was driving Dorothy Resnick's automobile in a northerly direction on Mannheim Road, and caused it to come to a stop at the intersection of Washington Boulevard and Mannheim Road. The front seat was occupied by Joel Resnick, the driver, and his mother, Dorothy Resnick. The rear seat was occupied by Samuel Resnick, father of the driver, and Shirley and Lillian Alpert, sisters of Dorothy Resnick. On February 8, 1963, subsequent to the filing of this action, Claimant Shirley Alpert died, and her claim has been abated.

While stopped, waiting for the traffic signal to change, claimant's automobile was struck on the left rear and side by a truck, which was owned by the State of Illinois, and was driven by one Arthur Cihlar, a maintenance worker for the State of Illinois, Division of Highways. On this particular day, Saturday, he was working as a watchman in the Highway Department Garage, having volunteered for said assignment at the close of work the day before.

A Departmental Report was filed by respondent. It states that the driver of the truck was a maintenance worker; that the scope of his duties did not include the operation of a division-owned automobile or truck; and, that his use of the truck on the day of the accident was unauthorized.

Dorothy Resnick testified that, as a result of the collision, she received injuries to her chest, neck and head; that she saw Dr. Peter Hatzis on the evening of the accident, on two other occasions at her home, and about twelve times at his office. She also testified that she was employed as a clerk for the Chicago Police Department at a salary of $66.00 for a five-day week; that, as a result of this accident, she was off work for seven days, which amounted to the sum of $92.00.

Lillian Alpert testified that she was sitting in the center of the rear seat at the time of the accident; that she sus-

tained injuries to the left side of her face and cervical spine; that she was attended at home by Dr. Peter Hatzis on the evening of the accident, twice more at home, and several times at his office.

Joel Resnick testified that he was driving the automobile on the night in question; that he sustained injuries to his chest, shoulder and elbow; that he was attended by Dr. Peter Hatzis at home on the night of the accident, and saw Dr. Hatzis at his office six or seven times thereafter. He stated that he now feels fine, and apparently has no ill effects from the accident.

Samuel Resnick testified that he was sitting in the rear seat of the automobile at the time of the accident; that he sustained injuries to his left jaw, chest and neck; that he was seen by Dr. Hatzis at home on the evening of the accident, and saw the doctor at his office eight or ten times thereafter; and, that he lost one day from work.

Dr. Peter Hatzis, a physician and surgeon, testified that he treated all of the claimants, attending them at their home on the night of the accident, and at his office on various other occasions. His diagnosis of each of the claimants substantiated their injuries.

Arthur Cihlar was called as a witness for claimants, and testified that he was employed by the State of Illinois from the end of 1959 until 1961; that he was employed as a maintenance worker in the Maintenance Department of the Division of Highways; that, at the time and place in question, he was operating the dump truck that struck the claimants' vehicle; that he received a phone call regarding a hole in a road; that he loaded the truck with sand and gravel, and was proceeding to the location when he struck the car while making a left turn at the intersection of Mannheim Road and Washington Boulevard; and, that on the day of the accident he had no driver's or chauffeur's license. The

witness further testified that he volunteered to work on Saturday, and received the keys from the superintendent; that this was the first time that he had done this type of work, and, although he reported for work at four o'clock in the afternoon, he had had four or five highballs at a bowling alley before reporting. The witness further testified that he received a telephone call from a man in the State Highway Office saying that "traffic is tied up on Washington and Mannheim, that I am to take the bombs and flares away and fill the hole with gravel so that the cars can ride over it."

Arthur Cihlar further testified that he did not know who called him, and that he never found the hole or the lights and flares mentioned by the party on the telephone. After the accident, the police charged the witness, Cihlar, with driving under the influence of intoxicating liquor, negligent driving, and with having no driver's license.

Steven Komerek was called as a witness for respondent. He testified that he is now retired, but on the day of the accident was supervisor for the Illinois Division of Highways at the Hillside Garage; that he was Arthur Cihlar's supervisor, and picked him for the job as watchman on the Saturday in question, after Cihlar had volunteered to work. He further testified that he gave Cihlar verbal instructions as to his duties; that he showed him the telephone, the maps, and the names of the men in each district that he was to call in case of trouble; that if he couldn't get a certain man, he was to call the witness; and that, as watchman, he was not supposed to leave the garage. The witness, Komerek, further testified that he never received a report of any damage or hole on Mannheim Road or Washington Boulevard.

The record raises serious doubt as to the credibility of Arthur Cihlar's testimony that he drove respondent's vehicle, while endeavoring to promote the State's business.

The evidence discloses that the witness, Cihlar, had four or five drinks a few hours prior to his reporting for work on the evening in question, and we are of the opinion that Arthur Cihlar committed his tortious act, while on a "frolic of his own," and for a purpose wholly unconnected with the work he was hired to perform. Where an employee, without the express or implied consent, has his employer's vehicle on a journey of his own, for a purpose wholly unconnected with the work he is hired to perform, his relationship is suspended during the whole of such journey. *Cohen vs. Fayette,* 223 Ill. App. 458.

The Court finds that claimants have wholly failed to sustain their burden of proving that they are entitled to an award for injuries and property damage, which were sustained as a result of this accident, and the complaint is hereby dismissed.